IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY L. SMITH, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:93-CV-1509-D (BH) |
| | § | |
| U.S. POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to the District Court's *Orders of Reference*, filed December 29, 2006, and February 5, 2007, this matter has been referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Before the Court are the following pleadings:

(1) Plaintiff's *Motion to Revisit, Reverse, or Relief* ("Mot. Revisit"), filed June 26, 2006;

(2) Plaintiff's Brief in Support of *Motion to Revisit, Reverse, or Relief* ("Mot. Br."), filed July 21, 2006; and

(3) Plaintiff's *Motions for Reinstatement and Relief* ("Mot. Reinst."), filed February 1, 2007.

Based on the pleadings, evidence, and applicable law, the Court hereby recommends that Plaintiff's motions be **DENIED**.

### I. BACKGROUND

Mr. Terry L. Smith, Sr. ("Plaintiff") was employed by the United States Postal Service ("Defendant") as a custodian until his dismissal on October 9, 1992, for absence without leave and failure to perform the duties of his position. (Mot. Reinst. at 29.) Plaintiff appealed the dismissal

- 1 -

to the Merit Systems Protection Board, which affirmed Plaintiff's discharge on February 11, 1993. *Id.* Plaintiff then filed suit in the United States District Court for the Northern District of Texas seeking review of the Board's decision; therein, Defendant alleged discrimination on the basis of hand and eye injuries he allegedly suffered during his service in the United States Army. (*Id.* at 81; *see* Mot. Revisit at 2.)  On February 15, 1995, the court granted Defendant's Rule 12(b)(6) motion to dismiss because Plaintiff improperly named the Postal Service and not the Postmaster General as defendant. (Mot. Reinst. at 83.)  The court entered judgment on February 16, 1995.

Plaintiff filed the instant actions on June 26, 2006, and February 1, 2007.[1]  Plaintiff argues that newly discovered documents show discrepancies between some of his time sheets and the evidence presented against him to justify his dismissal during his appeal before the Merit Systems Protection Board. Specifically, Plaintiff alleges that not all of the dates on which he was found to be absent without leave were properly signed by his supervisor and that some of the documents presented to the Board were fraudulent. (*See* Mot. Revisit at 2-5.)  Plaintiff also argues that the Social Security Administration's December 10, 1997 finding that Plaintiff has suffered from severe psychological and personality disorders since May 26, 1992, (*see* Mot. Reinst. at 15-18), prove that he was physically disabled and thus discriminated against when Defendant dismissed him on October 9, 1992. (Mot. Br. at 2.)  As a result of these alleged newly discovered documents and his belief that Defendants committed fraud, Plaintiff requests that the court revisit its February 16, 1995 judgment.

## II. ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a judgment or

---

[1] Although filed separately, the two motions raise identical arguments.

an order. It states:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b).[2] Although Plaintiff's motions do not specify the applicable clauses, clauses (2) and (3) appear to pertain to his allegations of newly discovered evidence and fraud, respectively.

Plaintiff's motion for relief from judgment is time barred. FED. R. CIV. P. 60(b). Rule 60(b) provides that the motion for relief from judgment shall be made within a "reasonable" time, and a motion made on the basis of newly discovered evidence or fraud shall be made not more than one year after entry of judgment. FED. R. CIV. P. 60(b). Rule 60(b) reflects "a strong policy favoring an end to litigation by severely restricting the relief available after the one year limit has run." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1977). The time runs from the date the district court entered final judgment. *Gulf Coast Building & Supply Co. v. Int'l. Bhd. of Electrical Workers, Local 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir.1972). Since the district court entered its judgment on February 16, 1995, and Plaintiff did not bring the instant action until June 26, 2006, more than eleven years later, Plaintiff's motion is untimely pursuant to Rule 60(b).

---

[2]To the extent that Plaintiff requests relief to alter or amend judgment under Rule 59(e), the Court construes such a motion to be one filed pursuant to Rule 60(b). *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (Rule 59(e) motions made more than ten days after entry of judgment are properly treated as Rule 60(b) motions.)

Clause (6) provides an alternative grounds for relief from judgment as a catch-all provision of Rule 60(b). Unlike clauses (1), (2), and (3), motions for relief under clause (6) must be made within a "reasonable" time and are not limited to the more stringent one-year period. However, relief under clause (6) is unavailable if the motion is premised on one of the grounds for relief enumerated in clauses (1) through (5). *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Kerwit Med. Prods., Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 836 n. 8 (5th Cir. 1980). Since Plaintiff's motion for relief comes within the coverage of clauses (2) and (3), relief under clause (6) is unavailable. *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). Furthermore, even if relief under clause (6) was not barred by coverage under the other clauses of Rule 60(b), Plaintiff's motion was not made within a "reasonable" time because it was filed more than eleven years after entry of judgment. *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992) (affirming the district court's determination that a two year delay in filing a Rule 60(b) motion is beyond the bounds of reasonableness).

Finally, even if Plaintiff were not time barred from filing his Rule 60(b) motion, he has failed to show that the grounds for his motion were not discoverable through due diligence, or that the alleged newly discovered evidence or fraud would have produced a different result. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998) (Plaintiff made no showing that the evidence was newly discovered in that it was not obtainable prior to summary judgment had she exercised due diligence); *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980) (To prevail under Rule 60(b)(2), the movant "must show that the evidence was discovered following the trial, that he used due diligence to discover the evidence at the time of the trial, that the evidence is not merely cumulative or impeaching, that it is material, and that a new trial in which the evidence was

introduced would probably produce a different result); *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975), *rev'd on other grounds*, 425 U.S. 273 (1976) (motion under Rule 60(b)(2) granted only if the evidence is such that a new trial would probably produce a new result).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Revisit, Reverse, or Relief* and *Motions for Reinstatement and Relief* should be **DENIED**.

**SO RECOMMENDED** on this 6th day of March, 2007.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE