IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY L. SMITH, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:93-CV-1509-D (BH) |
| | § | |
| U.S. POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order of Reference*, issued on March 29, 2007, this matter has been referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Before the Court are the following pleadings:

(1)   Plaintiff's *Objections to Findings, Conclusions, and Recommendations of United States Magistrate Judge Irma Carrillo Ramirez's Order, Entered on March 6, 2007* ("Obj."), filed March 23, 2007;

(2)   Plaintiff's *Appendix* ("Obj. App."), filed March 23, 2007; and

(3)   *Plaintiff's Request for Reconsideration of the Order Entered by this Court on March 23, 2007* ("Mot."), filed March 29, 2007.

Based on the pleadings, evidence, and applicable law, the Court recommends that Plaintiff's request for reconsideration be **GRANTED** and that his objections be **OVERRULED.**

## I. BACKGROUND

Mr. Terry L. Smith, Sr. ("Plaintiff") was employed by the United States Postal Service ("Defendant") as a custodian until his dismissal on October 9, 1992, for absence without leave and failure to perform the duties of his position. Plaintiff appealed the dismissal to the Merit Systems

- 1 -

Protection Board, which affirmed Plaintiff's discharge on February 11, 1993.  Plaintiff then filed suit in the United States District Court for the Northern District of Texas seeking review of the Board's decision; therein, Defendant alleged discrimination on the basis of  hand and eye injuries he allegedly suffered during his service in the United States Army.  On February 15, 1995, the court granted Defendant's Rule 12(b)(6) motion to dismiss because Plaintiff improperly named the Postal Service and not the Postmaster General as defendant.  The court entered judgment on February 16, 1995.

On June 26, 2006, and February 1, 2007, more than eleven years after entry of judgment, Plaintiff filed two separate motions *pro se* to reconsider the February 16, 1995 judgment on the grounds of newly discovered evidence and fraud by Defendants.[1]  This Court found that Plaintiff's motion for relief from judgment made pursuant to Federal Rule of Procedure 60(b) was time-barred since claims of fraud or newly discovered evidence must be made not more than one year after entry of judgment.  This Court also found that any claim for relief made pursuant to the catch-all provision of clause (6) of Rule 60(b) was unavailable since Plaintiff's motion for relief came within the coverage of clauses (2) and (3) and since the motion, filed eleven years after entry of judgment, was not made within a "reasonable" time as required by Rule 60(b)(6).  This Court also noted that Plaintiff failed to show that the grounds for his motion were not discoverable through due diligence, or that the alleged newly discovered evidence or fraud would have produced a different result.  This Court's *Findings, Conclusions, and Recommendations*, issued March 6, 2007 (hereinafter, "Findings"), gave Plaintiff ten days after being served with a copy to file written objections with the

---

[1]Although filed separately, the two motions raised identical arguments.

District Court.[2]

On March 23, 2007, the District Court adopted this Court's recommendations and denied Plaintiff's post-judgment motions.  That same day, but after the court had entered its ruling, plaintiff – now represented by counsel – filed various pleadings, including objections to this Court's Findings.  Plaintiff's filings do not indicate the date on which he was served with this Court's Findings.  Plaintiff now moves for the District Court to reconsider its judgment and review his objections filed on March 23, 2007.

## II.  ANALYSIS

### A.  Motion to Reconsider

The Court first considers Plaintiff's *Request for Reconsideration* based on his argument that the District Court entered judgment without the benefit of reviewing the objections he filed on March 23, 2007.  The District Court referred the motion to reconsider with the request that this Court determine the timeliness of Plaintiff's pleadings.

Pursuant to the notice of right to appeal, if Plaintiff wished to object to this Court's March 6, 2007 Findings, he was required to file and serve written objections within ten days after being served with a copy.[3]  The electronic receipt of the clerk of the court states that the Findings were entered on March 7, 2007, at 10:38 A.M.  The receipt further indicates that since notice was not

---

[2]Contrary to Plaintiff's assertion, this Court did not order that Plaintiff had until March 23, 2007 to respond to the Findings issued on March 6, 2007.  (*See* Mot. at 1.)  Rather, the Instructions for Service and Notice of Right to Appal/Object specifically stated that "any party who desires to object to these findings, conclusions and recommendations must file and serve written objections within ten (10) days after being served with a copy." (Findings at 5.)

[3]The Court notes that Plaintiff bases his motion in part on the clerk's docket notation that objections were due on March 23, 2007.  (*See* Mot. at 1).  This emphasis is misplaced since the notice of right to appeal issued by this Court controls the time frame in which Plaintiff may object.  Plaintiff, who is now represented by counsel, is expected to comply with the Federal Rules of Civil Procedure, which include procedures for determining when service is made under Rule 5 and how to compute time under Rule 6.

electronically mailed to Plaintiff, he was served by mail.  Pursuant to the Federal Rules of Civil Procedure, "service by mail is complete on mailing."  FED. R. CIV. P. 5(b)(2)(B).  Thus, the effective date of service by the Court on Plaintiff is March 7, 2007.

The Federal Rules of Civil Procedure provide for two adjustments to the requirement that Plaintiff respond within ten days after service on March 7, 2007.  Rule 6(a), which governs the computation of time, provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a).  Ten days from March 7, 2007, excluding intermediate weekends, was March 21, 2007.  Rule 6 further provides that when service is made by mail under Rule 5(b)(2)(B) (the situation in the instant case), "3 days are added after the prescribed period would otherwise expire under" Rule 6(a).  FED. R. CIV. P. 6(e).  Plaintiff thus had until March 24, 2007, to file his timely objections.

Since Plaintiff filed his objections on March 23, 2007, they were timely.  The Court therefore recommends that the District Court grant Plaintiff's motion to reconsider its March 23, 2007 order and review the timely filed objections.

## B.  Objections to District Court's March 23, 2007 Order

Having determined that Plaintiff's objections were timely, the Court now considers whether the District Court should vacate its March 23, 2007 order based on any ground set forth in the objections or other pleadings that Plaintiff filed on March 23, 2007.

Plaintiff, who is now represented by counsel, objects to this Court's Findings on the grounds that he is entitled to relief from the February 16, 1995 judgment under clauses (2), (3), and (6) of Rule 60(b).  (*See* Obj. at 1, 2, and 7).  Plaintiff further states that the evidence that allegedly would

have produced a different result was not discoverable through due diligence.  Although Plaintiff

refers to Rule 60(b) at several points in his objections, he fails to cite to a single case in support of

his assertions.  (*See* Obj.)

Plaintiff's objections essentially reiterate his arguments in his initial motions.  For the same

reasons set forth in the Findings, the Court finds that Plaintiff is not entitled to relief from his

February 16, 1995 judgment.  Rule 60(b) requires that motions for relief pursuant to clauses (2) and

(3) be made not more than one year after entry of judgment. FED. R. CIV. P. 60(b).  The district court

entered judgment on February 16, 1995, and Plaintiff moved for relief on June 26, 2006.  At eleven

years after judgment, Plaintiff's motion for relief from judgment pursuant to clauses (2) and (3) was

untimely.  (Findings at 3).

This Court also noted in its Findings that relief under the catch-all provision of Rule 60(b)(6)

was unavailable because Plaintiff's motion was premised on one of the grounds for relief

enumerated in clauses (1) through (5).  *Id*. (citing *Liljeberg v. Health Services Acquisition Corp.*,

486 U.S. 847, 863 (1988)).  This Court determined that "even if relief under clause (6) was not

barred by coverage under the other clauses of Rule 60(b), Plaintiff's motion was not made within

a 'reasonable' time because it was filed more than eleven years after entry of judgment."  *Id*. (citing

*First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992)).  Plaintiff urges

the Court to consider his motion (presumably the one filed on February 1, 2007 since the June 26,

2006 motion pre-dates the discovery of the evidence) to have been made within a reasonable time

because he did not receive the evidence allegedly documenting fraud until December 2006.  (*See*

Obj. at 7-8; *see* Obj. App. Ex. 25).  However, the Court notes that Plaintiff does not address in either

his motion or sworn affidavit why he did not request this information until July 28, 2006, and

- 5 -

October 13, 2006, more than eleven years after entry of judgment.  *See id*.  He has not offered any evidence of any impediment to seeking the information prior to 1996.  Accordingly, Plaintiff's objections should be overruled on the timeliness issue alone.

Plaintiff's final objection to this Court's Findings is that the newly discovered evidence that would have produced a different result in the District Court's February 16, 1995 judgment was not discoverable through due diligence.  (Obj. at 7.)  Plaintiff places a great deal of emphasis on allegations of fraud committed by his supervisor and inconsistencies over whether he was granted verbal approval for leave.[4] *Id*.  However, the basis for the District Court's February 15, 1995 order granting Defendant's motion to dismiss and February 16, 1995 entry of judgment was the improper naming of the Postal Service and not the Postmaster General as defendant.  Plaintiff's allegations of fraud and discrimination had no bearing on the District Court's reasons for dismissal.  Therefore, he has not shown that any allegedly newly discovered evidence would have produced a different result in the February 16, 1995 judgment.

Accordingly, although Plaintiff's objections were timely filed, he does not provide any basis for the District Court to vacate its March 23, 2007 judgment.  The Court therefore recommends that Plaintiff's objections be overruled.

### III.  CONCLUSION

For the foregoing reasons, *Plaintiff's Request for Reconsideration of the Order Entered by this Court on March 23, 2007* should be **GRANTED**.  The Court recommends that Plaintiff's *Objections to Findings, Conclusions, and Recommendations of United States Magistrate Judge Irma*

---

[4]The Court notes that Plaintiff's supervisor stated that the common practice of verbal approval of leave followed by written documentation at a later time was discontinued because Plaintiff's attendance was so poor.  (*See* Obj. App. Ex. 17).

*Carrillo Ramirez's Order, Entered on March 6, 2007* be **OVERRULED**.   The Court further

recommends that the District Court decline to vacate its March 23, 2007 Order.

   **SO RECOMMENDED** on this 11th day of April, 2007.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE